**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| DAVID SIBLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. C-07-258 |
| | § | |
| CHARLES EDWARD LINCOLN, III, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF REMAND**

On this day came on to be considered Plaintiff David Sibley's "Motion to Dismiss or Remand" (D.E. 3).  For the reasons discussed below, the Court finds that subject matter jurisdiction is lacking, and the above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 94th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 07-2615-C.

**I.   BACKGROUND**

On May 16, 2007, Plaintiff David Sibley ("Plaintiff") filed suit against Defendant Charles Edward Lincoln ("Defendant") in the 94th Judicial District Court of Nueces County, Texas, asserting claims of "breach of contract" and "slander."  (Pl.'s Orig. Pet.) Plaintiff's Original Petition reads, in its *entirety*:

> TO THE HONORABLE COURT:
>     David Sibley respectfully files this suit against Charles Lincoln for breach of contract and slander.  His whereabouts for service are unknown because he is hiding from the law (he has a writ of attachment out on him). His whereabouts will be supplemented once his whereabouts are learned.  His most likely whereabouts is the U.S. Federal Courthouse in Austin where he is litigating, 200

West 8th St., Room 130, Austin Texas 78701.  He has a
residence but he very [*sic*] is unlikely to be there.
Substituted service or service by publication may be
requested if his whereabouts remain unknown.   His
whereabouts could be the Williamson County Jail if the
write of attachment is successfully served.

        Respectfully Submitted,
        /s/ David Sibley

(Pl.'s Orig. Pet.)   On June 5, 2007, Defendant filed Answer to

Plaintiff's Petition, which: (1) objected to venue; (2) objected to

jurisdiction; (3) generally denied the allegations in Plaintiff's

Original Petition; and (4) asserted a counterclaim against the

Plaintiff for, among other things, gross legal malpractice, breach

of fiduciary duty, conversion, and mail and wire fraud.  (Def.'s

Ex. E at 1-2.)  Also on June 5, 2007, Defendant filed a Notice of

Removal with this Court, alleging diversity jurisdiction pursuant

to 28 U.S.C. § 1332(a)(1).   (Not. of Rem. at 1.)   In particular,

Defendant alleged that the parties were diverse because Defendant

"resides in Tarpon Springs, Pasco County, in the State of Florida

and the amount in controversy substantially exceeds $100,000."

(Not. of Rem. at 1.)  With respect to the amount in controversy,

Defendant elaborated that the "subject matter of this dispute is a

multi-million dollar series of three federal and state lawsuits

pending in U.S. District Court in Austin and Texas State District

Court in Georgetown, Texas . . . ."  (Not. of Rem. at 1.)  Finally,

on June 7, 2007, Plaintiff filed a "Motion to Remand" the case

(D.E. 3) arguing that removal was improper because there was no

diversity of citizenship between the parties and the amount in controversy does not exceed $75,000.00.

## II.  DISCUSSION

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996) (stating that the "party invoking the removal jurisdiction of the federal courts bears a heavy burden");  Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986) ("The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists").  In evaluating jurisdiction, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction").

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a defendant may remove a case if there is:

(1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000.  See 28 U.S.C. § 1332(a).  With respect to the amount in controversy requirement, the Fifth Circuit has held that "[u]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).  Where, as here, the complaint does not allege a specific amount of damages, the removing defendant has the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000."  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882-83 (5th Cir. 2000).  "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) by setting forth facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount."  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999); Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 638-39 (5th Cir. 2003) ("If the value of the claims is not apparent, then the defendants may support federal jurisdiction by setting forth the *facts*--either in the removal petition or by affidavit--that support a finding of the requisite amount"); see also Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002) ("[i]f the amount in controversy is not apparent, [the court] may then rely on 'summary judgment' type

evidence").   In proving the amount in controversy, however, the defendant cannot rely "simply upon conclusory allegations."  <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995).

In this case, the Court concludes that it is not "facially apparent" from the Plaintiff's Petition that his claims exceed $75,000.00 because the Petition states only that Plaintiff is suing "Charles Lincoln for breach of contract and slander" without any supporting detail which would shed light on the amount in controversy.  (Pl.'s Orig. Pet.)  Furthermore, Defendant has failed to support his removal with any facts or evidence demonstrating, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum.  Rather, Defendant makes only the conclusory assertion that the amount in controversy substantially exceeds $100,000 and that the case arises out of Plaintiff's "peripheral" involvement in a series of multi-million dollar lawsuits.  (Not. of Rem. at 1.)  "Conclusory allegations," however, are insufficient to support removal.  <u>See</u> <u>Allen</u>, 63 F.3d at 1335.  The only evidence relevant of the amount in controversy attached to the Notice of Removal is a copy of a "retainer payment" check from the Defendant to the Plaintiff in the amount of $5,200.00.  (<u>See</u> Def.'s Ex. C.)  This single check for $5,200, however, falls far short of demonstrating an amount of controversy in excess of $75,000, and Defendant has not provided any other evidence showing the nature or value of the disputed transactions

-5-

in this case.[1]  Accordingly, the Defendant has not met his burden
of proving federal jurisdiction by a preponderance of the evidence
and the above-styled case must be REMANDED for lack of subject
matter jurisdiction.[2]

## III. CONCLUSION

For the reasons discussed above, the Court finds that subject
matter jurisdiction is lacking.  Therefore, Plaintiff's Motion to
Remand is GRANTED and the above-styled action is hereby REMANDED
pursuant to 28 U.S.C. § 1447(c) to the 94th Judicial District Court
of Nueces County, Texas, where it was originally filed and assigned
Cause Number 07-2615-C.

SIGNED and ENTERED this 11th day of June, 2007.

_____

Janis Graham Jack
United States District Judge

---

[1] To the extent that Defendant wishes to rely on his own
counterclaim to establish the requisite amount in controversy,
the same problems exist.  Defendant did not allege an amount of
damages in his counterclaim, nor has the Defendant provided any
supporting facts or evidence from which the value of the
counterclaim can be determined.  (See Def.'s Ex. E.)

[2] Because the Court determines that the Defendant has not
satisfied the amount in controversy requirement, the Court need
not reach Plaintiff's argument that there is no diversity of
citizenship.