| United States District Court<br>Southern District of Texas<br>Corpus Christi Division ||
|---|---|
| David A. Sibley<br><br>vs.<br><br>Charles Lincoln | No. 07-258<br>[Jury Requested] |

## Anonymous Briefing

TO THE HONORABLE COURT:

David Sibley respectfully files Anonymous Briefing.

1. The motion for sanctions filed in this case was initiated to a large extent by an anonymous communication from Ohio.

2. A new anonymous communication has been received this time from New York.

3. The source of this communication apparently does not want to rely on David Sibley's briefing abilities or initiative because the communication references a directly on point decision from the 2nd Circuit establishing that jurisdiction exists for sanctions even after a remand order. This anonymous briefer did find a more directly on point case than Sibley but of course the Court in its Order cited similar cases. This anonymous briefer may be more motivated than Sibley.

4. The anonymous briefer then very cogently states:

> Thought: Well, he could certainly REMEDY the "appearance of" impropriety by going ahead and telling the Florida Court he lives in Florida now. So ... has he?" No, not as of July 17. The opposing attorney there is still sending things to Lincoln's long-time address in Lago Vista,Travis Cunty, Texas. So, is he really living most of the time in Florida? Who knows? But he certainly seems, in Florida federal court, to want to continue to be regarded as living in Texas, whereas in Texas federal courts, he wants to continue to be regarded as living in Florida. Conclusion: One of the two places, he's tying to pull a charade in which case it is impropriety, not the appearance thereof.

5. Well put, Sibley adopts the words of the anonymous briefer. Sibley wishes he had said these things himself. The anonymous briefer(s) should contact Sibley.

1

6. This may be unusual but Sibley wants to give credit where credit is due. In fairness, the anonymous briefer not Sibley is entitled to credit for these thoughts and this citations.

Respectfully Submitted,

_____
David A. Sibley
Attorney at Law
P.O. Box 9610
719 N. Upper Broadway (78401)
Corpus Christi, Texas 78469-9610
(361) 882-2377 -- Telephone
(888) 231-0146 --Telecopier
ds@davidsibley.com -- Email
davidsibley.law – Home Page
State Bar No. 18337600
Federal I.D. 10053
Attorney-in-Charge for David A. Sibley

## Certificate of Service

On this Monday, July 23, 2007, I served this as follows:

**Via Email**
Charles Lincoln

_____
David A. Sibley

2

District court's grant of plaintiff's motion to remand action that had been removed from state court did not deprive court of jurisdiction to consider plaintiff's motion for sanctions against removing defendant, which contended that removal had been meritless. Bryant v. Britt, C.A.2 (N.Y.) 2005, 420 F.3d 161.

http://secondopinions.blogspot.com/2005_08_01_archive.html
http://www.courthousenews.com/circuitsummaries/2ndArchives/2ndArchiveAug05.htm

"Lincoln apologizes for any appearance of impropriety created by his failure to change his address in the Florida case which Sibley submitted as (apparent) evidence of misrepresentation to Court."

Thought: Well, he could certainly REMEDY the "appearance of" impropriety by going ahead and telling the Florida court he lives in Florida now. So...has he? No, not as of July 17. The opposing attorney there is still sending things to Lincoln's long-time address in Lago Vista, Travis County, Texas. So, is he really living most of his time in Florida? Who knows? But he certainly seems, in Florida federal court, to want to continue to be regarded as living in Texas, whereas in Texas federal courts, he wants to continue to be regarded as living in Florida. Conclusion: One of the two places, he's still trying to pull a charade, in which case it is impropriety, not the appearance thereof.



BINGHAMTON NY 139
18 JUL 2007 PM

USA 41

David A. Sibley
Attorney at Law
719 N. Upper Broadway
Suite 205
Corpus Christi, TX 78649

7840171911