IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DAVID SIBLEY,                          §
                                       §
        Plaintiff,                     §
                                       §
vs.                                    §        C.A. NO. C-07-258
                                       §
CHARLES EDWARD LINCOLN, III,           §
                                       §
        Defendant.                     §

## ORDER DENYING MOTION FOR STAY

On this day came on to be considered Defendant "Charles Edward Lincoln's Motion for Stay of Proceedings Pending Motion for Leave to Certify Interlocutory Question 28 U.S.C. § 1292(b)." (D.E. 22.) For the reasons discussed below, Defendant's motion is DENIED.

## I.   BACKGROUND

On May 16, 2007, David Sibley ("Plaintiff") filed suit against Defendant Charles Lincoln ("Defendant") in the 94th Judicial District Court of Nueces County, Texas, asserting claims of "breach of contract" and "slander." (See Pl.'s Orig. Pet.) On June 5, 2007, Defendant removed the civil case from state court to this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Not. of Rem. at 1.) In particular, Defendant alleged that the parties were diverse because Defendant "resides in Tarpon Springs, Pasco County, in the State of Florida and the amount in controversy substantially exceeds $100,000." (Not. of Rem. at 1.) On June 7, 2007, Plaintiff filed a "Motion to Remand" the case back to state court, arguing that removal was improper because there was

no diversity of citizenship between the parties and the amount in controversy did not exceed $75,000.00. (D.E. 3) The Court granted Plaintiff's motion to remand, finding that Defendant had failed to meet his burden of establishing the minimum amount in controversy, and accordingly remanded the case back to state court.[1] (D.E. 6.)

On June 25, 2007, following remand, Mr. Sibley filed a "Motion to Sanction Charles Lincoln" (D.E. 9). In this motion, Plaintiff essentially contended that the Court should sanction the Defendant because Defendant allegedly misrepresented himself to the Court as a citizen of Florida (when in fact he is a citizen of Texas) for the purpose of manufacturing diversity jurisdiction over the civil suit. (See D.E. 9 at ¶¶ 3-5.) On July 10, 2007, the Court issued a "Notice of Setting" setting the Motion for Sanctions for hearing on Monday, July 23, 2007 at 10:00 AM. (D.E. 10.)

On Thursday, July 19, 2007, Defendant filed a "Motion for Continuance of Hearing on Sanctions Set Monday July 23, 2007," arguing that: (1) the sanctions hearing should be continued because the Court had no jurisdiction to consider sanctions after remand of the case; and (2) the sanctions hearing should be continued "until not sooner than ten days after the United States Court of Appeals for the Fifth Circuit in New Orleans has affirmed this Court's jurisdiction to hear a motion for sanctions filed two weeks after

---

[1] Because the Court relied solely on the amount in controversy requirement in remanding the case, the Court specifically declined to address Plaintiff's argument that there was no diversity of citizenship.

-2-

entry and mailing of a certified copy of the Court's order granting Remand."[2]   (See D.E. 14.)   Concurrently, Defendant also filed a "Suggestion of Bankruptcy of Cheryl L. Anderson & Victor Dale Anderson" in which he argued that the sanctions hearing should also be continued because it was subject to the automatic bankruptcy stay of 11 U.S.C. § 362.  (D.E. 15.)  That same day, July 19, 2007, the Court entered an "ORDER DENYING CONTINUANCE" in which the Court: (1) rejected Defendant's argument for a stay pending appeal, noting that Defendant had not appealed the case and no notice of appeal was on file with the Court; and (2) rejected Defendant's argument that the case was subject to the automatic bankruptcy stay of 11 U.S.C. § 362, noting that alleged bankrupt debtors were not parties to this case, nor was there any indication that the civil litigation involved issues in any way related to the bankruptcy estate or proceeding.[3]  (D.E. 16.)  With respect to the Defendant's

---

[2] Notably, the Defendant did not argue in his "Motion for Continuance" that he was *unable* to attend the scheduled hearing or that he would suffer hardship as a result.  Defendant raised his alleged inability and hardship only after his first motion for a continuance was denied.  (See D.E. 19, 21-22.)

[3] Defendant complains that the Court, in rejecting his argument for an automatic bankruptcy stay, failed to specify or indicate the legal grounds for its conclusion that "the Suggestion of Bankruptcy does not actually stay the case."  (See D.E. 22 at 2.)  The Court need go no further for legal grounds, however, than the language of the statute itself.  Under the plain language of the statute, the only categories of proceedings that are automatically stayed by the operation 11 U.S.C. § 362 are those which are "against the debtor" or those which would affect the "property of the estate" or the "property of the debtor."  See 11 U.S.C. § 362(a)(1)-(8).  Neither the bankruptcy debtors nor any property of the estate are at issue in this

jurisdictional argument, the Court noted that the issue of sanctions usually concerns matters "collateral to the merits" and therefore can be addressed by a federal court even after a case has been otherwise dismissed or remanded.  (See D.E. 16 at 2-3.) Nevertheless, the Court advised the Defendant that it would consider his jurisdictional arguments at the sanctions hearing. (D.E. 16 at 1.)  The Court again ordered Defendant to appear in person before this Court at 1133 N. Shoreline Blvd., Corpus Christi, TX, on Monday July 23, 2007 at 10:00 AM for a hearing on Plaintiff's motion for sanctions.  (D.E. 16 at 3.)

On July 20 and 22, 2007, the Defendant copied the Court's Case Manager, Ms. Sondra Scotch, on two emails between himself and the Plaintiff.  (D.E. 19-21.)  In these emails, the Defendant again raised several objections to the July 23rd sanctions hearing.  In addition to re-urging his previous arguments regarding jurisdiction and bankruptcy, Defendant also accused the Plaintiff of having *ex parte* communications with the Court[4] and complained that the Court

---

lawsuit, and the issue of sanctions in this civil suit will not affect or impact the bankruptcy of Defendant's "investment partners."

[4] At the July 23, 2007, sanctions hearing, the Court stated for the record that Plaintiff had not engaged in any *ex parte* communications of any kind with the Court.  In his email, Defendant indicated that his only grounds for suspecting *ex parte* communications between the Court and Plaintiff was the "incredible back-and-forth rapidity of filing of motions and entry of orders and responses in this case (between [Plaintiff] and the Judge, anyhow, especially yesterday Thursday July 19, 2007)".  (D.E. 19 at ¶ 14.)  The Court fails to see how the

had "only ONCE allowed [Defendant] even the minimum time provided by the local rules . . . to response to one of [Plaintiff's] motions before entering an order."[5]   (D.E. 19 at ¶¶ 13-18.) Defendant stated finally that he "cannot attend the hearing Monday morning in Corpus Christi".[6]  (D.E. 21.)

On Monday, July 23, 2007, at 10:00 AM the Court held a hearing on Plaintiff's motion for sanctions.  After the case was called, Plaintiff registered his appearance.  Defendant, however, did not appear for the hearing.  A Court Security Officer, Mr. Adrian

---

Court's entry of a single, three-page order denying Defendant's motion for a continuance justifies Defendant's suspicion of *ex parte* communications.

[5] The Court notes that the only one of Plaintiff's motions it has granted in this case is Plaintiff's motion to remand.  The Court was not required to wait 20 days to rule on a motion to remand because the remand concerned issues of subject matter jurisdiction which the Court is obligated to examine *sua sponte*, even without argument or prompting by the parties.  See, e.g., Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004); Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 576 (5th Cir. 2004).  In any case, Defendant had an opportunity to present his evidence and arguments in favor of federal diversity jurisdiction in his Notice of Removal.

[6] In his email, Defendant phrased the primary issue in this case as "whether I had a right to claim sufficient 'minimum contacts' to Florida to assert residence/jurisdiction there". (D.E. 19 at ¶ 8.)  "Minimum contacts," however, is a legal term of art used to describe the type of contacts required by due process to sustain *personal* jurisdiction over a defendant.  See, e.g., Revell v. Lidov, 317 F.3d 467, 470 (5th Cir. 2002).  The question of *subject matter* (as opposed to personal) jurisdiction is at issue in this case.  With respect to subject matter jurisdiction, the question in this case is whether the Defendant is a *citizen* (that is, domiciled) in a foreign state.  See, e.g., Coury v. Prot, 85 F.3d 244, 248-252 (5th Cir. 1996) (explaining the concepts of citizenship and domicile).

Perez, called Defendant Charles Lincoln's name three times in the public area of the courthouse but there was no response.  The Court therefore reset the sanctions hearing for September 7, 2007, at 1:15 PM.  (See D.E. 24.)  The Court also entered a "Notice of Criminal Contempt and Order to Show Cause" (D.E. 1, Misc. Case No. 07-75) ordering Defendant to appear before the Court on September 7, 2007 to show cause why he should not be held in contempt for failure to appear at the July 23, 2007 sanctions hearing.

Finally, on July 23, 2007, after he failed to appear at the sanctions hearing, Defendant filed a motion entitled "Motion for Stay of Proceedings Pending Motion for Leave to Certify Interlocutory Question 28 U.S.C. § 1292(b)." (D.E. 22.)  In this motion, Defendant sought to stay this case pending his preparation of a motion to certify the question of jurisdiction for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  The Court now takes Defendant's motion under consideration.[7]

## II.  DISCUSSION

Defendant contends that this case should be stayed pending his preparation of a motion to certify the question of jurisdiction for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  As a general rule, a party to a civil action may appeal only "final judgments."  Clark-Dietz and Associates-Engineers, Inc. v. Basic

---

[7] Defendant's "Motion for Stay" could be interpreted as seeking only a stay of the Monday, July 23, 2007, sanctions hearing.  The Court, however, will interpret Defendant's motion as a motion for a stay of all proceedings in this case.

Const. Co., 702 F.2d 67, 69 (5th Cir. 1983) ("The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals"). One statutory exception to this general rule, however, is found in 28 U.S.C. § 1292, which provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. . . .

28 U.S.C. § 1292(b). Thus, a district court must find three elements in order to certify an order for an interlocutory appeal: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." In re Ichinose, 946 F.2d 1169, 1177 (5th Cir. 1991); see also Brabham v. A.G. Edwards & Sons Inc., 376 F.3d 377, 380 (5th Cir. 2004). Although permission to allow interlocutory appeals should be granted sparingly and with discrimination, Alabama Labor Council v. Alabama, 453 F.2d 922, 924 (5th Cir. 1972), the district court's decision is a discretionary one, Swint v. Chambers County Com'n, 514 U.S. 35, 47 (1995).

In this case, the Court finds that the issue of jurisdiction

would not be appropriate for interlocutory appeal because there is no "substantial ground for difference of opinion" on this Court's jurisdiction to consider a motion for sanctions, even after remand. As this Court noted in its first "Order Denying Continuance," courts have consistently held that the issue of sanctions concerns matters *collateral* to the merits and therefore can be addressed by a federal court--even if the court lacked subject matter jurisdiction over the merits and the case has been dismissed or remanded. See, e.g., Willy v. Coastal Corp., 915 F.2d 965 (5th Cir. 1990) (sanctions appropriate even where case had to be remanded because the "court must possess the authority to impose sanctions irrespective of the existence of subject matter jurisdiction") (citing Vatican Shrimp Co. v. Solis, 820 F.2d 674 (5th Cir. 1987); and News-Texan, Inc. v. Garland, 814 F.2d 216 (5th Cir. 1987)); Lazorko v. Pennsylvania Hosp., 237 F.3d 242, 247 (3d Cir. 2000) ("Although the District Court relinquished jurisdiction over this case when it either dismissed or remanded all the claims before it, it still had jurisdiction to order sanctions"); Branson v. Nott, 62 F.3d 287, 293 (9th Cir. 1995) ("That the district court lacked subject matter jurisdiction over [the] complaint does not preclude it from imposing Rule 11 sanctions for filing a frivolous complaint"); Olcott v. Delaware Flood Co., 76 F.3d 1538, 1553 (10th Cir. 1996) ("Among the collateral issues a federal court may consider after an action is no longer pending is a Rule 11

-8-

sanction"); Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 100 (1st Cir. 2001) ("A court without subject matter jurisdiction may retain some limited authority to protect its own independent interests in its procedures"); Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 141 (2d Cir. 2002) ("Although the district court lacked jurisdiction to decide the merits of the underlying action, it retained the power to determine collateral issues, such as the appropriateness of sanctions"); Westlake N. Property Owners Ass'n. v. City of Thousand Oaks, 915 F.2d 1301, 1303 (9th Cir. 1990) (finding "even if a court does not have jurisdiction over an underlying action, it may have jurisdiction to determine whether the parties have abused the judicial system and whether sanctions are appropriate to remedy such abuse").

Defendant argues that these cases are distinguishable because they deal "with motions for sanctions filed WHILE a removed case remained before the Court," unlike the present case which involves a "motion for sanctions filed two weeks after remand". (See D.E. 22 at 2-3.)  This argument is unpersuasive, however.  First, the cases cited by the Court do not draw the distinction urged by the Defendant, nor is there anything in the reasoning of those cases to support such a distinction.  Second, Defendant has failed to cite any case drawing such a distinction between motions for sanctions filed before remand and those filed afterward.  Third, and finally, courts have explicitly rejected a jurisdictional distinction between sanctions motions filed pre-remand, and those filed post

-9-

remand.  See, e.g., Bryant v. Britt, 420 F.3d 161, 164 (2d Cir. 2005) (Court had jurisdiction to consider a Rule 11 motion for sanctions even where that motion was filed after remand of the case to state court); see also Cooter & Gell v. Hartmarx, 496 U.S. 384, 395-96 (1990) (noting that a Rule 11 "determination may be made after the principal suit has been terminated").

The only cases cited by the Defendant regarding the issue of jurisdiction, Shapiro v. Logistec USA, Inc., 412 F.3d 307, 310 (2d Cir. 2005), Arnold v. Garlock, Inc., 278 F.3d 426, 437 (5th Cir. 2001), are not on point.  Both Shapiro and Arnold interpret and apply 28 U.S.C. § 1447(d), which provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

Id.  The Shapiro and Arnold courts, in interpreting § 1447(d), held that once the district court mails a certified copy of the remand order to the state court, the federal courts are divested of jurisdiction *to review that remand order.*  See Arnold, 278 F.3d at 438; Shapiro, 412 F.3d at 312.  The purpose of the nonreviewability provision of § 1447(d) is "to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues." Shapiro, 412 F.3d at 310; see also Mobil Corp. v. Abeille General Ins. Co., 984 F.2d 664, 666 (5th Cir. 1993) ("Congress enacted § 1447(d) so that state court actions could proceed without delay if

-10-

federal courts consider proper factors and remand, regardless of
the correctness of their jurisdictional decisions"); <u>Chandler v.
O'Bryan</u>, 445 F.2d 1045, 1057 (10th Cir. 1971) ("This provision
establishes the Congressional policy of not permitting interruption
of the litigation of the merits of a removed cause by prolonged
litigation of questions of jurisdiction of the district court to
which the cause is removed").

Unlike <u>Shapiro</u> and <u>Arnold</u>, the present case does not involve
review of the remand order or any other action related to the
merits of the case.  Rather, this case concerns only the issue of
sanctions, a matter collateral to the merits.  <u>Cooter</u>, 496 U.S. at
396 ("Rule 11 sanction is not a judgment on the merits of an
action.  Rather, it requires the determination of a collateral
issue: whether the attorney has abused the judicial process, and,
if so, what sanction would be appropriate").  Thus, § 1447(d) does
not apply in this case.  Furthermore, none of the policies behind
§ 1447(d) are implicated in this case because this Court addressing
the issue of sanctions will not in any way impede or delay the
state court's ability to address the merits of Plaintiff's suit
against the Defendant.  Indeed, Plaintiff's breach of contract and
slander suit can proceed in state court concurrently with the issue
of sanctions in this Court.  Under Defendant's theory of
jurisdiction, the Court would be powerless to punish those who
engage in misconduct and attempt to perpetrate a fraud upon the
Court in invoking federal jurisdiction.  Because there is no

-11-

substantial ground for difference of opinion on the issue of jurisdiction, a stay for purposes of allowing the Defendant to prepare a motion for an interlocutory appeal would be unnecessary and futile.  The Court therefore DENIES Defendant's motion for a stay on that ground.

Finally, to the extent that the Defendant argues that he is somehow "physically (and financially) unable to drop all [his] work and travel to Corpus Christi," the Court notes that Defendant himself states in his affidavit that: (1) he owns property in Texas, and (2) he spends a significant portion of his time in Texas.[8]  (Def.'s Ex. A at 12-13.)  Defendant also uses "Area Code 512" (the Austin, Texas, area) telephone numbers on his pleadings, and the affidavit offered by the Defendant in support of his motion to stay was signed and sworn to in Williamson County, Texas.  (D.E. 22 at 4; Def.'s Ex. A at 14.)  In light of this information, the Court will not stay the case based on the Defendant's bare, conclusory statements that he is unable to travel to Corpus Christi for a hearing.[9]  Therefore, Defendant's motion for a stay on this

---

[8] Furthermore, Defendant failed to explain why he was unable to make arrangements to attend the Monday July 23 hearing when he had almost two weeks advanced notice of that hearing.  Defendant now has approximately a month and half to make arrangements to come to Corpus Christi to attend the September 7, 2007 hearing.

[9] Defendant also argues that, if Plaintiff can "reopen" the federal case to seek sanctions, Defendant "must [also] be allowed the opportunity to file his own motion for Rule 11 sanctions against [Plaintiff] for all the harassing, frivolous, deceitful, and completely irrelevant motions that he has been filing, including his totally frivolous Motion for Sanctions."

-12-

ground is also DENIED.

### III. CONCLUSION

For the reasons discussed above, the Court DENIES Defendant's "Motion for Stay of Proceedings Pending Motion for Leave to Certify Interlocutory Question 28 U.S.C. § 1292(b)" (D.E. 22).  The Court again ORDERS Defendant to appear in person before this Court at 1133 N. Shoreline Blvd., Corpus Christi, TX, on Friday, September 7, 2007 at 1:15 PM for a hearing on Plaintiff's motion for sanctions (D.E. 9).

SIGNED and ENTERED this 27th day of July, 2007.

_____
Janis Graham Jack
United States District Judge

_____

Defendant, however, has been (and is) free to file a motion for sanctions at any time, and the Court will not treat any motion for sanctions the Defendant files as a waiver of his argument that the Court has no jurisdiction to consider sanctions at all. See, e.g., Hayes v. Gulf Oil Corp., 821 F.2d 285, 290-91 (5th Cir. 1987) (a "defect in the district court's subject matter jurisdiction . . . may be raised at any time by the parties or the court itself and cannot be waived"); Shirley v. Maxicare Texas, Inc., 921 F.2d 565, 568 (5th Cir. 1991) (stating that, unlike personal jurisdiction, subject matter jurisdiction cannot be waived).