IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID SIBLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. C-07-258 |
| | § | |
| CHARLES EDWARD LINCOLN, III, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| IN RE: CHARLES EDWARD LINCOLN | § | MISC. NO. 07-75 |
| | § | |

**ORDER DENYING DEFENDANT'S MOTION TO RECUSE**

On this day came on to be considered Defendant Charles Edward Lincoln, III's "Motion to Recuse the Honorable Janis Graham Jack." (D.E. (258) 33 & D.E. (75) 7 (collectively the "Motion").)[1] For the reasons set forth below, Defendant's Motion is hereby DENIED.

**I.   BACKGROUND**

On May 16, 2007, David Sibley ("Mr. Sibley") filed suit against Defendant Charles Edward Lincoln, III ("Defendant") in the 94th Judicial District Court of Nueces County, Texas, asserting claims of "breach of contract" and "slander."  (See Pl.'s Orig.

---

[1] Defendant filed identical motions to recuse in Sibley v. Lincoln, C.A. No. C-07-258 and United States v. Lincoln, Misc. No. 07-75.  For purposes of efficiency, both motions are resolved in this order.  As used in this order, "D.E. (258)" refers to docket entries in Sibley v. Lincoln, C.A. No. C-07-258, and "D.E. (75)" refers to docket entries in United States v. Lincoln, Misc. No. 07-75.

Pet.) On June 5, 2007, Defendant removed the civil case from state court to this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (D.E. (258) 1 at 1.) In particular, Defendant alleged that the parties were diverse because Defendant "resides in Tarpon Springs, Pasco County, in the State of Florida and the amount in controversy substantially exceeds $100,000." (Id.) Upon removal, the case was given the caption Sibley v. Lincoln, and assigned cause number 2:07-cv-258.

On June 7, 2007, Mr. Sibley filed a "Motion to Remand" the case back to state court, arguing that removal was improper because there was no diversity of citizenship between the parties and the amount in controversy did not exceed $75,000.00. (D.E. (258) 3.) The Court granted Mr. Sibley's motion to remand, finding that Defendant had failed to meet his burden of establishing the minimum amount in controversy, and remanded the case to state court. (D.E. (258) 6.)

On June 25, 2007, following remand, Mr. Sibley filed a "Motion to Sanction Charles Lincoln," contending that the Court should sanction the Defendant because, according to Mr. Sibley, Defendant misrepresented his citizenship to the Court for the purpose of manufacturing diversity jurisdiction over the civil suit. (D.E. (258) 9). On July 10, 2007, the Court issued a "Notice of Setting," scheduling a hearing on Mr. Sibley's motion for sanctions for July 23, 2007, at 10:00 AM. (D.E. (258) 10.)

On Thursday, July 19, 2007, Defendant filed a "Motion for Continuance of Hearing on Sanctions Set Monday July 23, 2007." (D.E. (258) 14.) That same day, the Court denied Defendant's motion for continuance and "ORDERED Defendant ... to appear in person before this Court ... on Monday July 23, 2007 at 10:00 AM for a hearing on Plaintiff's motion for sanctions." (D.E. (258) 16.) The following day, Defendant sent an email to Mr. Sibley and the Court's Case Manager, Ms. Sondra Scotch, stating in part:

> I submit that any reasonable person...who were to look at the truly incredible back-and-forth rapidity of filing of motions and entry of orders and responses in this case (between you and the Judge, anyhow, especially yesterday Thursday July 19, 2007), would conclude that you and Judge Jack are engaged in ex-parte communications of which I have no (direct) notice and can only infer from circumstantial evidence.

(D.E. (258) 19, ¶ 14.) Two days later, on Sunday, July 22, 2007, Defendant sent another email to Mr. Sibley and Ms. Scotch, indicating that he would not be able to "attend the hearing Monday morning in Corpus Christi ..." (D.E. (258) 21.)

On Monday, July 23, 2007, at 10:00 AM the Court held its hearing on Mr. Sibley's motion for sanctions. After the case was called, Mr. Sibley registered his appearance. Defendant, however, did not appear. A Court Security Officer, Mr. Adrian Perez, called Defendant's name three times in the public area of the courthouse but there was no response. The Court then addressed, on the record, Defendant's allegations of ex parte communications between the Court and Mr. Sibley. The Court said, "I can state for the

record that [Mr. Sibley has] never had any ex parte communications with me about any case."

Later that day, the Court issued an order resetting the hearing on Mr. Sibley's motion for sanctions for Friday September 7, 2007, at 1:15 PM.  (D.E. (258) 24.)  The Court also issued a Notice of Criminal Contempt Proceeding and Order to Show Cause instructing Mr. Lincoln "to appear [on Friday September 7, 2007, at 1:15 PM] and show cause...why he shouldn't be held in criminal contempt" based on his failure to appear at the July 23, 2007 hearing on Mr. Sibley's motion for sanctions.  (D.E. (75) 1.)  The criminal contempt proceeding against Defendant was given the caption United States v. Charles Edward Lincoln, III, and assigned cause number 2:07-mc-75.

On September 4, 2007, Defendant filed a "Motion to Recuse the Honorable Janis Graham Jack" from Sibley v. Lincoln, C.A. No. C-07-258, and United States v. Lincoln, Misc. No. 07-75, pursuant to 28 U.S.C. §144 and §455(a).[2]  (Motion.)  In his motion, Defendant argues that the Court's rapid disposition of motions filed by Mr. Sibley, in favor of Mr. Sibley, demonstrates bias against Defendant or bias in favor of Mr. Sibley.  (Motion, Ex. C, ¶¶ 4-5, 7, 9-19, 21.)  Defendant further argues, without any evidentiary support, that such bias must be the result of improper ex parte

---

[2] Defendant originally filed his motion to recuse on August 27, 2007.  (D.E. (258) 28, D.E. (75) 4.)  The motion was stricken based on technical deficiencies.  (D.E. (258) 32, D.E. (75) 5.)

4

communications between the Court and Mr. Sibley.  (Id., ¶¶ 2-3, 8, 10-12, 16-22.)

**II.  DISCUSSION**

Two statutes govern the recusal of United States district court judges based on the judge's bias, prejudice, or impartiality – 28 U.S.C. §144 and 28 U.S.C. §455.  United States v. Scroggins, 485 F.3d 824, 829 (5th Cir. 2007).  For the reasons set forth below, neither §144 nor §455 requires the recusal of Judge Jack from Sibley v. Lincoln, C.A. No. C-07-258, or United States v. Lincoln, Misc. No. 07-75.  Furthermore, Defendant's assertion that this contempt proceeding must be "random[ly] assign[ed]," as opposed to heard by this Court, is without merit.  (Motion at 2.)

**A.   Section 144 Does Not Require Recusal In This Case**.

Section 144 states in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.  Section 144 relates only to charges of actual bias (as opposed to perceived bias).  See In re Faulkner, 856 F.2d 716, 720 n. 6 (5th Cir. 1988).

Once a motion to recuse has been filed pursuant to §144, the judge must pass on the *legal sufficiency* of the supporting affidavit, but may not pass on the truth of the matter alleged. Henderson v. Dept. of Public Safety and Corrections, 901 F.2d 1288,

5

1296 (5th Cir. 1990)(emphasis added).  "A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature."  Id.

Defendant's affidavit is not legally sufficient to warrant recusal.  The only "facts" set forth in the affidavit relate to the Court's rapid disposition of motions in Sibley v. Lincoln, C.A. No. C-07-258.  (Motion, Ex. C, ¶¶ 4-5, 7, 9-19, 21.)  These facts demonstrate, at most, judicial efficiency.  They would not "convince a reasonable man that bias exists" in this case. Henderson, 901 F.2d at 1296.

Defendant's unsubstantiated allegations of improper ex parte communications between Mr. Sibley and the Court – allegations that the Court has expressly refuted on the record – do not change this result.  (Id., ¶¶ 2-3, 8, 10-12, 16-22.)  A legally sufficient affidavit cannot be based on information and belief or the affiant's opinions, but rather must be based on personal knowledge. See Henderson, 901 F.2d at 1296 ("The district court correctly determined that [the] affidavit was legally insufficient because, among other reasons, it was not based on personal knowledge."); Telles v. United States, 202 Fed. Appx. 686, 688 (5th Cir. 2006)("Plaintiff's affidavit in support of recusal lacks specific

6

factual allegations that are required by this court ... Instead, it consists of plaintiff's opinions which is not enough.").[3]

**B.  Section 455(a) Does Not Require Recusal In This Case.**

28 U.S.C. §455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "When considering a claim under § 455(a), [the Court] must consider 'whether a reasonable and objective person, knowing all of the facts, would *harbor doubts* concerning the judge's impartiality.'" Patterson v. Mobil Oil Corp., 335 F.3d 476, 484 (5th Cir. 2003) (quoting In re Chevron U.S.A., Inc., 121 F.3d 163, 165 (5th Cir. 1997)(emphasis added)). "This is because the goal of this provision is to 'avoid even the appearance of partiality.' Patterson, 335 F.3d at 484 (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988)). "Thus, recusal may be required even though the judge is not actually partial." Patterson, 335 F.3d at 484 (citing In re Cont'l Airlines Corp., 901 F.2d 1259, 1262 (5th Cir. 1990)).

The facts set forth in Defendant's affidavit would not cause a reasonable person to "harbor doubts" regarding this Court's

---

[3] Because the Court has determined that Defendant's affidavit is not legally sufficient, the Court need not address whether Defendant's affidavit is timely. 28 U.S.C. § 144 ("Whenever a party ... makes and files a *timely* and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein ... ")

impartiality with respect to this matter.  Defendant has proffered no evidence of bias, instead relying exclusively on the fact that the Court has been decisive in this case to support his allegations of prejudice.  (Motion, Ex. C, ¶¶ 4-5, 7, 9-19, 21.)  As stated above, the Court's rapid disposition of motions demonstrates nothing more than judicial efficiency.  It does not indicate the existence of improper ex parte communications between this Court and Mr. Sibley, and cannot provide the basis for a recusal order.

### C. "Random Assignment" Of The Contempt Proceeding Is Not Required.

Federal Rule of Criminal Procedure 42 governs criminal contempt proceedings.  The rule requires "notice," the "appoint[ment of] a prosecutor," and "a jury trial in any case in which federal law so provides" – it does not require "random assignment" of the contempt proceedings to a judge other than the judge who initiated them.[4]  Fed. R. Crim. P. 42.  The only instance contemplated by the rule in which the judge initiating the proceedings must disqualify herself is where "the criminal contempt involves disrespect toward or criticism of [the] judge."  Fed. R. Crim. P. 42(a)(3). The criminal contempt at issue in this case involves neither of those things.  While Rule 42 does acknowledge

---

[4] Defendant claims that the local rules of the Southern District of Texas require random assignment of this contempt proceeding. (Motion at 2.)  Defendant, however, does not reference the local rule to which he refers and the Court is aware of no rule that requires it to act other than in accordance with Federal Rule of Criminal Procedure 42 in this case.

8

the importance of granting the defendant an impartial decisionmaker, it does so by requiring that a government prosecutor be appointed. Fed. R. Civ. P. 42(a)(2). "In a Rule 42(b) criminal contempt proceeding, the judge may not prosecute the contempt and at the same time act as judge. To do so deprives the defendant of an impartial decisionmaker." FDIC v. LeGrand, 43 F.3d 163, 169 n. 6 (5th Cir. 1995).

### III. CONCLUSION

For the reasons set forth above, the Court hereby DENIES Defendant's "Motion to Recuse the Honorable Janis Graham Jack."

SIGNED and ENTERED this 4th day of September, 2007.

_____
Janis Graham Jack
United States District Judge