**United States District Court**
**Southern District of Texas**
**Corpus Christi Division**

David A. Sibley

vs.

Charles Lincoln

No. 07-258
[Jury Requested]

# Supplement on Lincoln's Activities

TO THE HONORABLE COURT:

David Sibley respectfully files this Supplement on Lincoln's Activities. Lincoln in a sense has sued this Court. He does not list the Court as a party but he does seek declaratory judgment against the Court. He also seeks an injunction against the Court's Marshalls. In the Case Lincoln filed against this Court (and others) in Austin, he has provided Austin Address.

Respectfully Submitted,


/s David A. Sibley

———————————————

David A. Sibley
Attorney at Law
P.O. Box 9610
719 N. Upper Broadway (78401)
Corpus Christi, Texas 78469-9610
(361) 882-2377 -- Telephone
(888) 231-0146 --Telecopier
ds@davidsibley.com -- Email
davidsibley.law – Home Page
State Bar No. 18337600
Federal I.D. 10053
Attorney-in-Charge for David A. Sibley

1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

OCT 1 1 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
            DEPUTY CLERK

| | | |
|---|---|---|
| Charles Edward Lincoln, | § | |
| and | § | |
| Daniel Louis Simon, | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| versus | § | |
| | § | |
| Williamson County, | § | |
| City of Georgetown, | § | **Cause Number** |
| Lucas C. Wilson, | § | |
| City of Liberty Hill, Judge Kathleen | § | **A07CA 842LY** |
| Riedel, Liberty Hill Municipal Ct., | § | |
| Arturo Ramirez, Liberty Hill Prosecutor, | § | |
| Jana Duty, Williamson County Attorney, | § | |
| Col. Thomas A. Davis, Jr., Director, | § | |
| Texas Department of Public Safety, | § | |
| Mary E. Peters, U.S. Secretary of | § | |
| Department of Transportation, and | § | |
| U.S. Marshal Lafayette Collins, | § | |
| U.S. Marshal for the Western District of | § | |
| Texas, | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTIVE RELIEF AGAINST FALSE ARRESTS

1. Plaintiffs, in this their first pleading of any kind filed under the above-and-foregoing cause number, seek declaratory judgment against and prospective relief to enjoin certain coordinated, ongoing civil rights violations against the named Plaintiffs in Central Texas proceeding under colour of a combination of State and Federal Laws.

2. Plaintiffs' complaint is filed under a removed case "State of Texas v. Charles Edward Lincoln" which was given civil action case number A-07-CA-699-LY, even though the removal was a "mixed" removal of both civil and criminal actions; this complaint is not a "counterclaim" because no formal civil claim has been filed against

Lincoln, although state law cited in the notice of removal clearly indicates that bond

forfeiture is a civil matter and a civil cause of action.

3.      Pursuant to 28 U.S.C. §§1446(c)(1)-1446(c)(2), the Plaintiffs pray that the Court

will recognize Plaintiffs' good cause for removal are stated and exposed in this

Complaint, given both federal question and civil rights violations alleged in this Original

Complaint to Declare and Enjoin False Arrests in Suppression of First Amendment

Rights.

4.      Because of the unique nature and variety of circumstances and issues giving rise

to this case, and by analogy with and extension from 28 U.S.C. §§1446(f), Plaintiffs pray

that the district court shall resolve such counterclaim in the same manner as an original

complaint under the Federal Rules of Civil Procedure, except that the payment of a filing

fee shall not be required in such cases and the counterclaim shall relate back to the date

of the original complaint in the state county court from which the State's (City of

Georgetown's) complaint was first lodged and filed against Charles Edward Lincoln.

5.      Plaintiffs are being currently and continually subjected to false and malicious

criminal prosecutions and threats of false and malicious arrest for traffic violations and

contempt of court solely and exclusively because of their exercise of their First

Amendment rights of freedom of speech, freedom of association, and freedom to petition;

both Plaintiffs Lincoln and Simon have either active or recently active arrest warrants

issued against them without justification in law or fact; the nature of the offenses against

the Plaintiffs is ongoing and systematic, yet in the case of the Georgetown, Liberty Hill,

and Williamson County warrants is a recurring matter evading easy review.

6.     This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(a)(3)-(4), 1443(1) and 1446 and 42 U.S.C. §§1981, 1983 and 1988; venue is proper as all defendants reside or have their principal place of business within the Western District of Texas, Austin Division, and the majority of occurrences giving rise to this lawsuit took place within the Austin Division of the Western District of Texas.

7.     This case is already shown on the Court's electronic docket as linked to A-07-CA-315-LY and A-07-CA-604-LY and Plaintiffs accept this linkage between these cases as all arising from a related series of transactions and occurrences.

8.     Plaintiff Charles Edward Lincoln would show that the first he knew of the possibility of active warrants against him was from the pleadings of Michael P. Davis in Cause No. A-07-CA-315-LY and communications between said Michael P. Davis and Plaintiff's former attorney David A. Sibley, who is a contributing but not a producing cause of the currently active (and preposterously false) Federal Warrant against Lincoln.

9.     Plaintiff Daniel Louis Simon would show that he has been contesting the validity of the customary, practical, and politically determined procedures of prosecution and judgment employed in Texas traffic courts for many years, but that after appearing for a citation in August, 2007, and challenging both the qualifications of the judge and prosecuting attorney for lack of state and federal oaths, Plaintiff Simon addressed a Liberty Hill City Council meeting on August 13th, 2007, and two warrants for his arrest were issued on August 20th, 2007, alleging failure to appear and for an underlying speeding charge.

10.     Plaintiff Daniel Louis Simon alleges that but for his public assertions against the qualifications and legitimacy of the Liberty Hill City Judge and City Prosecutor, no

*Complaint to Declare and Enjoin False Arrests in Suppression of Free Speech,*     3
*Freedom to Associate, and Freedom to Petition*

warrant would ever have been issued against him for failure to appear, or any other

"crime" because Plaintiff had in fact appeared and had not violated any court order.

11.     Plaintiff Daniel Louis Simon was repeatedly threatened with contempt of court

citations by the Liberty Hill Municipal Judge Kathleen R. Riedel because he sought to

recuse her pursuant to law, and because he insisted on pointing out that the purported

prosecutor Arturo Ramirez had no oath of office what-so-ever, and was thus barred from

opening his mouth against Plaintiff in a legitimate criminal proceeding.

12.     Plaintiff Charles Edward Lincoln was ordered to appear in person in a closed civil

case (2:07-cv-00258-JGJ) in U.S. District Court for the Southern District of Texas in

Corpus Christi; this order was entered without service of summons or a subpoena more

than 30 days after the case had been remanded to State Court for want of jurisdiction

under a statute, 28 U.S.C. §1447(c)-(d), which the Fifth Circuit has construed as not even

allowing the removing party to file a motion for reconsideration after an order of remand

has been certified to the State Court, as the order of remand had been on June 11, 2007,

in *Sibley v. Lincoln*.  See, *Arnold v. Garlock*, 278 F.3d 426 (5th Cir. 2001).

13.     Williamson County also issued a warrant for Plaintiff Charles Edward Lincoln to

appear AFTER he had paid his fine by agreeing to waive his appeal of an EIGHT YEAR

OLD citation (issued by the City of Georgetown) for failure to show financial

responsibility, and after he had voluntarily forfeited his bond in TWICE the amount of

the fine for said offense, which took place (if at all) in December 1999).

14.     In short, Plaintiffs' Charles Edward Lincoln and Daniel Louis Simon have both

been subjected, by Williamson County, to illegal prosecutions, and false (i.e. illegal,

unjustified, ultra-vires, extra-jurisdictional) arrest warrants within the past SIX MONTHS

which happen to coincide with the filing of Plaintiffs' lawsuit A-07-CA-315-LY against Williamson County for Civil Rights violations.

15.     Plaintiffs ask this Court to review the state court prosecutions against them for failure to appear (Lincoln and Simon), the threats of contempt of court for seeking recusal against Simon in Liberty Hill, the actual prosecution for contempt of court by Charles Edward Lincoln in Corpus Christi, and to conclude, declare, find, and render declaratory judgment that all of these actions are illegal and therefore unenforceable by any authority within the jurisdiction of this Court, including but not limited to the Texas Department of Public Service (Texas Rangers or any other law enforcement division), the City of Liberty Hill, the City of Georgetown, Williamson County, and the U.S. Marshal's service.

16.     Plaintiffs also ask this Court to review the Texas Transportation Code and the procedures implementing and enforcing the same in Williamson County, including but not limited to Liberty Hill and Georgetown, Texas, in light of the Texas Code of Criminal Procedure, and that the Court conclude, declare, find, and render declaratory judgment that the written provisions for enforcement and implementation of the traffic laws in the Texas Transportation Code and the Texas Code of Criminal Procedure's provisions relating to arrest without warrant and prosecution of Class C Misdemeanors are applied so haphazardly, without regard to consistency or predictability, that the enforcement of traffic laws in the State of Texas, including but not limited to WILLIAMSON COUNTY, and the Cities of GEORGETOWN, and LIBERTY HILL, is ARBITRARY and CAPRICIOUS, rendering the written laws useless to any layman citizen who tries to conform his conduct to or assert his rights within the letter of the law.

17.    In short, Plaintiffs allege that the state actor defendants in this case, including but not limited to Colonel Thomas A. Davis, Director of the Texas Department of Public Safety, and Jana Duty, County Attorney of Williamson County, as well as Lucas C. Wilson, Judge Kathleen Riedel of the Liberty Hill Municipal Court and Liberty Hill "City Prosecutor" Arturo Ramirez, are guilty of multiple violations of the federal guarantees of due process of law within the meaning of the Fifth and Fourteenth Amendments to the United States Constitution.

18.    Plaintiffs allege that due process of law consists of meaningful notice of the law, and any violations of that law, and a meaningful opportunity to be heard, and Plaintiffs further allege that when the State and its political subdivisions and chartered corporations such as the Cities of Georgetown and Liberty Hill apply the law in an arbitrary and capricious fashion, willfully disregarding the letter of the law in all particulars, that there is no due process of law, because no person can have adequate or meaningful notice of laws which are haphazardly enforced and randomly applied or ignored at the whim of law enforcement officers, prosecutors, and judges.

19.    The Texas Code of Criminal Procedure mandates certain procedures, and Plaintiffs admit that there is no Federally guaranteed right to require state officials to follow state law concerning or mandating any particular procedure.

20.    However, taken as a whole the Texas Code of Criminal Procedure, when compared with actual practice on the streets and highways of the states, constitutes a pair of totally unmatched scenes and pictures---the disjunction between written law and actual practice is so great as to make one fear schizophrenia, because the disjunction between written law and actual practice is "bipolar".

*Complaint to Declare and Enjoin False Arrests in Suppression of Free Speech, Freedom to Associate, and Freedom to Petition*    6

21.     On the one hand, the Texas Code of Criminal Procedure provides a clear, well-focused picture with sharp color contrast and bright lines (in the text of the CCP) which allows law enforcement very little or NO discretion, and on the other we have a murky, blurred, out-of-focus reality where the colours all bleed together and the ONLY way any private citizen can get through the system is through the arbitrary and capricious exercise of EXCESSIVE discretion by ALL of the following: (a) street/highway cops, (b) clerks, (c) judges, (d) prosecutors....

22.     In other words, the picture of the law provided in the CCP is clear, but Plaintiffs (like other citizens) look at this well-focused digital snapshot and imagine that the law would allow few pixels to be out of place in an otherwise perfect computerized photograph, and the system itself would throw out non-conforming practice by law enforcement officers or court/judicial personnel (including city and county clerks, as well as prosecutors and judges).

23.     Because the right to appeal is created by statute and "error on appeal" is a difficult (and expensive) thing to achieve as the key to victory, especially for laymen, the existence of an appellate process should not be allowed to justify the existence of an arbitrary and capricious law enforcement system.

24.     The State Courts have a custom, practice, and policy of denying victory to defendants, regardless of the irregularities of procedure by city and state police, because the custom, practice, and policy of the state of Texas, i.e., the legal system itself, prefers and has opted for the murky, unfocused picture in which officers, clerks, judges, and prosecutors are free to move and wiggle with impunity (and immunity).

*Complaint to Declare and Enjoin False Arrests in Suppression of Free Speech,*      7
*Freedom to Associate, and Freedom to Petition*

25.  The proper analogy here, the reason that Federal Court civil rights intervention is necessary, is that of failed systems' theory design rather than error on appeal.

26.  Federal Civil Rights issues are implicated by Plaintiffs allegations that the Defendants have shown systematic (or perhaps unsystematic---but SYSTEM-WIDE) failures of consistency and predictability---the key words being "customs, practices, and policies of arbitrary and capricious enforcement to the point that the system, taken as a whole, is utterly devoid of due process of law."

27.  In short summation, there is a pattern of complete unpredictability in the enforcement of the traffic laws of the State of Texas---"the only predictable characteristic of Texas Traffic law enforcement is that it is arbitrary and capricious."

**ALL REQUIREMENTS FOR DRIVER'S LICENSES &
TRAFFIC ARE FEDERAL, ADMINISTERED BY THE STATE DPS AS AGENT**

28.  Pursuant to 5 U.S.C. §§701-706, Plaintiffs file this Complaint against U.S. Secretary of the Department of Transportation Mary E. Peters for her failure to enforce the relevant provisions of 49 C.F.R. §§391-392.

29.  THE SECRETARY OF TRANSPORTATION HAS BEEN DERELICT IN HER DUTY TO SUPERVISE HER AGENTS/REPRESENTATIVES WITH REGARD TO THE ENFORCEMENT OF DRIVER'S LICENSE AND TRAFFIC REGULATIONS IN TEXAS, especially the Texas Department of Public Safety.

30.  Mary E. Peters is the United States Secretary of Transportation, charged by law with the supervision and proper enforcement of the Federal Driver's Licensing and traffic regulations pursuant to 49 C.F.R. §§391-392 and related provisions.

31.  **This Court has jurisdiction pursuant to 5 U.S.C. §701-706, 28 U.S.C. §§1331, 1343, and 1346.**

32.     Venue is proper under 28 U.S.C. §1391 in this United States District Court

for the Western District of Texas, because Austin, Texas is the location of the office

of Colonel Thomas A. Davis who is both the de facto and de jure agent for Mary E.

Peters, the Secretary of the United States Department of Transportation.

33.     For cause of action against Mary E. Peters, the Secretary of Transportation,

Charles Edward Lincoln and Daniel Louis Simon sue pursuant to the Administrative

Procedure Act, 5 U.S.C. §§702 and 706(1).

34.     The ongoing failure to enforce federal standards of due process of law in the

application of Federal Transportation requirements is "final agency action" within

the meaning of 5 U.S.C. §704 in that there is no agency procedure or higher level

action open to the Plaintiff, nor is there any other adequate remedy in any court and

the HHS' denial of Plaintiff's request is therefore subject to judicial review.

35.     Charles Edward Lincoln and Daniel Louis Simon have been injured by the

Secretary's  failure or refusal to enforce federal standards of due process of law in

the State of Texas and Plaintiffs have been exposed to liability (and potential loss of

liberty or property rights, taken without due process of law) pursuant to wrongful

prosecution for failure to comply with Federal driver's requirements administered

by the State of Texas and its political subdivisions acting as de facto or de jure

agents for the Federal government without legal authority, justification, or any basis

in fact.

36.     Pursuant to 49 CFR, the Secretary of Transportation mandates the state agents'

compliance with Federal law in the administration of Federal Driver's license programs

and traffic regulations, including but not limited to the enforcement of financial

responsibility laws, the regulation of speed on the public roads and highways, and the qualifications of licensed drivers.

37.     Plaintiffs Daniel Louis Simon and Charles Edward Lincoln allege and will show that the Secretary of Transportation Peters has ignored and is in complete derogation of her duty to enforce and supervise the Federal statutory and constitutional standards in the application of 49 CFR requirements to the Texas roads in a constitutional manner.

38.     The Director of the Texas Department of Public Safety, acting in coordination with local city, county and even statewide law enforcement agencies, has arrogated to himself and to local agencies the sole power for judging and enforcing the applicability of Federally mandated driver's license and traffic requirements to the State of Texas.

39.     This situation has led to the arbitrary and capricious enforcement of traffic laws for the purpose of fundraising and obtaining Federal Transportation dollars by the State of Texas and its political subdivisions and chartered (city) corporations in a manner violating the due process guarantees of the 5th and 14th Amendments as required by law.

40.     **Such a violation of rights in pursuit of official power aggrandizement by state officials is exactly the sort of injury that the enactment of the Federal Transportation code and the implementing regulations in 49 CFR were designed to prevent, and which the Secretary of Transportation is charged with investigating or punishing.**

41.     **Accordingly, Plaintiffs Daniel Louis Simon and Charles Edward Lincoln allege and here complain that they has been adversely affected or aggrieved by agency action (or refusal to act) within the meaning of the relevant federal statutes, and are therefore entitled to judicial review thereof.**

42.     Specifically, Plaintiffs seek a judicial a judicial order or declaration to compel agency action (the review of enforcement practices of Federal Driver's License and Speed Regulation requirements) unlawfully withheld or unreasonably delayed, within the meaning of 5 U.S.C. §706(1).

43.     WHEREFORE, Plaintiffs pray that this court, pursuant to 5 U.S.C. §706:

(1)     compel agency action unlawfully withheld or unreasonably delayed; and

(2)     hold unlawful and set aside agency action, findings, and conclusions found to be—

(A)     arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B)     contrary to constitutional right, power, privilege, or immunity;

(C)     in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D)     without observance of procedure required by law;

(E)     unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F)     unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court;

(G)     grant all such other and further relief as may be necessary to effectuate the intent of Congress in enacting the federal transportation code and authorizing the Secretary to promulgate implementing provisions of the United States Code of

Federal Regulations which is the sole complete de facto and de jure source of "State Law" regulating Traffic and Driver's License.

(42)    To the degree that this action against Secretary Mary E. Peters should be construed as an action for violation of civil rights against a Federal Official charged with the enforcement thereof, Plaintiffs ask that the Court treat this Complaint as a "Bivens" action for prospective declaratory and injunctive relief only, at least until six months after the Plaintiffs have submitted a Federal Tort Claims Action form as required by law prior to suing for damages.

(43)    Plaintiffs finally pray that the court will enter all such other and further supplementary relief, including supervisory relief over the enforcement of its order in Plaintiffs' favor in this case, in addition to full declaratory and injunctive relief, and all such other and further relief to which the Court may find Plaintiffs justly entitled at law or in equity. Plaintiffs move for an award of their costs (and attorneys' fees, if any are incurred) as allowed by law.

## CHARLES EDWARD LINCOLN'S SUIT FOR DECLARATORY RELIEF AND INJUNCTION AGAINST FEDERAL ARREST WARRANT

(44)    Plaintiff re-alleges ¶¶1-44 of this complaint and incorporates the same by reference.

(45)    Plaintiff Charles Edward Lincoln now asks this Court to enter a declaratory judgment that the arrest warrant issued against him on September 10, 2007, in Corpus Christi by Judge Janis Graham Jack is a nullity in the Western District of Texas and that the Court will enjoin the U.S. Marshal's from enforcing said arrest warrant.

(46)    Plaintiff alleges that Judge Janis Graham Jack's arrest warrant was entered clearly either without, in the complete absence, or at the very least in excess of her jurisdiction

*Complaint to Declare and Enjoin False Arrests in Suppression of Free Speech,*     12
*Freedom to Associate, and Freedom to Petition*

(as defined and adjudged, oddly enough, by Janis Graham Jack in her June 11, 2007, order of remand), and that for the Lafayette Collins, the U.S. Marshal for the Western District of Texas, to allow enforcement of said arrest warrant would be a violation of Charles Edward Lincoln's civil rights within the meaning of the *Bivens* doctrine and the Federal Tort Claims Act.

(47) If Judge Jack's order was neither entered without jurisdiction, in the complete absence of jurisdiction, nor clearly in excess of her jurisdiction as defined by the Fifth Circuit's decision in *Arnold v. Garlock*, then this Court should declare and adjudge that existing law should be modified or extended to clarify that U.S. District Judges do not have perpetually enduring and everlasting jurisdiction, and that the issues arising in a closed case remanded pursuant to 28 U.S.C. §1447(c)-(d) can only be re-opened by the filing of a new case pursuant to the Federal Rules of Civil Procedure, with service of summons, and that an evidentiary hearing in a closed case cannot be used to compel personal attendance except by formal service of a subpoena or waiver of service of summons; at the absolute maximum, U.S. District Judges should not have jurisdiction to order personal appearances of parties on any date more than 30 days after the closure of a case; post-judgment hearings may be held for any number of reasons, but there has to be a limit to judicial power to order personal appearance----to hold otherwise would violate not only equal protection (by creating an irrationally and unconstitutionally disfavored class of people, losing litigants, subject for a lifetime of exposure to being summoned to appear personally in court), and due process (by allowing a judge to reopen a case for limited and arbitrary purposes without due process of law), but such a lifetime of being subject to a judge's order to appear would constitute a violation of the abolition of

slavery by the 13th Amendment, in that the ability to order a person by mere verbal order (without reinstitution of a case), constitutes a form of involuntary servitude.

(48)   In short, cases, like human life, must be finite, and a case filed by a human being and closed by another human being (namely a federal judge) is not a lifetime indenture or submission to involuntary servitude in violation of the 13th Amendment.

(49)   Pursuant to the Civil Rights laws of the United States, a collateral attack such as the present should be permitted to avoid oppressive actions taken either without jurisdiction or clearly in excess of jurisdiction.

(50)   WHEREFORE, this Court should enjoin Lafayette Collins, the U.S. Marshal for the Western District of Texas, and all Federal Officers resident within the boundaries of the Western District of Texas, from enforcing judge Janis Graham Jack's warrant for the arrest of Charles Edward Lincoln issued on September 10, 2007.

**Other civil rights considerations**

(51)   As noted in the beginning, the prosecutions and arrest warrants issued against Plaintiffs Daniel Louis Simon and Charles Edward Lincoln over the past six months constitute an aspect of the policy of the state of Texas to suppress and infringe upon Plaintiffs' First Amendment rights to freedom of speech, freedom of association, and freedom to Petition.

(52)   The Williamson County Warrants issued against Daniel Louis Simon and Charles Edward Lincoln can circumstantially be linked and associated (especially in the case of Daniel Louis Simon's most recent arrest warrant in Liberty Hill) with Plaintiffs' exercise of their First Amendment Rights to Freedom of Speech in connection with Plaintiffs' protests over civil rights and due process violations in Williamson County traffic courts (Simon) and family courts (Lincoln and Simon).

(53)   The Federal Arrest Warrant issued by Janis Graham Jack might at first appear unrelated, until it is noted and acknowledged that David A. Sibley was the lawyer whom Charles Edward Lincoln originally had hired in April 2007 to represent himself and in time, Daniel L. Simon (and others) in the class actions which Lincoln and Simon and others had brought in this very same U.S. District Court for the Western District of Texas.

(54)   David A. Sibley sued Charles Edward Lincoln for "breach of contract and defamation" in an unbelievably frivolous lawsuit filed in May 15, 2007, just slightly over one month after receiving Lincoln's retainer for services in the class action and less than a week after mismanaging Lincoln's and Simon's lawsuits (A-06-CA-838-LY and A-07-CA-001-LY) by failure to file papers and motions which he had been hired to file.

(55)   TWO WEEKS AFTER Lincoln's Removal of Sibley's suit was summarily remanded FIVE DAYS AFTER FILING to State Court (June 5-June 11, 2007), David A. Sibley sought to turn the Corpus Christi litigation into a circus against Lincoln, raising and interjecting any manner of accusations against Lincoln which had little or nothing to do with Sibley's original (content-free) lawsuit against Lincoln.

(56)   ONE MONTH AFTER Lincoln's removal of Sibley's suit was summarily remanded, Judge Janis Graham Jack scheduled a hearing on Sibley's Motion for sanctions against Lincoln and Lincoln objected to Judge Jack's continuing jurisdiction.

(57)   One month, one week, and one day after her Order of Remand, on July 19, 2007, Judge Jack ordered Lincoln to appear in person on July 23, 2007, and Lincoln refused, asserting lack of jurisdiction and unavailability due to other obligations and concerns.

(58)   On July 23, 2007, Judge Janis Graham Jack ordered Lincoln to show cause why he should not be held in contempt and set up a complaint, with herself as complainant, to be heard by herself on September 7, 2007.

(59)   On September 7, 2007, after denying a sitting State Senator the right to appear as counsel for Charles Edward Lincoln, Judge Jack ordered the preparation of an arrest warrant for Lincoln which was issued on September 10, 2007.

(60)   Ever since then Charles Edward Lincoln has been placed at jeopardy of his liberty by a judge who had determined she had no jurisdiction over the subject matter of the case but would arrogate to herself LIFETIME jurisdiction over the parties.

(61)   For personal autonomy within the meaning of the 4th and 5th Amendments to have any meaning, a judge cannot be allowed to have such life-long power to summon former litigants whom she has discharged.

(62)    Plaintiff Charles Edward Lincoln alleges that David A. Sibley was advised and instructed by Michael P. Davis of Williamson County to breach Sibley's agreement with Lincoln and refuse to represent him in Federal Court; thus the facts and circumstances of cases A-07-CA-315-LY are indeed inextricably intertwined with those of the present case.

## JURY DEMAND

Daniel Louis Simon and Charles Edward Lincoln pray that the Court will set their Complaint against all of the Defendants, jointly and severally, for final trial-by-jury, demand for which is hereby made in accordance with the Seventh Amendment to the United States Constitution, Rule 38(b) of the Federal Rules of Civil Procedure and all other applicable rules, as well as 28 U.S.C. §§1861 *et seq.*.

Plaintiffs' Jury Demand is timely in that it is submitted as of even date with Plaintiffs' Complaint for Declaratory and Injunctive Relief, which is Plaintiffs' first pleading in this case within the meaning of FRCP Rules 8(b) and 38(b):

> **FRCP Rule 38(b) Demand.**
> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to the issue, and (2) filing the demand as required by <u>Rule 5(d)</u>. Such demand may be indorsed upon a pleading of the party.

Wherefore, Plaintiffs demand a trial-by-jury of all questions of fact and all mixed questions of law-and-fact so triable under the law of the land as interpreted by the United States Supreme Court, including but not limited to all questions of liability, damages, and the objective reasonableness of actions taken by governmental officers.

Respectfully submitted,

October 9th, 2007, Tuesday

By: _____

DANIEL LOUIS SIMON,
pro se
5650 County Road 200
        Liberty Hill, Texas 78642
pro se

Telephone:   (512) 228-9416
e-mail: danlsimon@hotmail.com
        danlsimon@yahoo.com

RESPECTFULLY SUBMITTED,

CHARLES EDWARD LINCOLN, III, pro se

October 9, 2007, Tuesday,
325 Moorings Cove Drive
Tarpon Springs, Florida 34689
Telephones: (512) 971-1191/512-228-9416
Florida:    (727) 560-2810
Facsimile: (406) 892-7603

charles.e.lincoln@att.net

Respectfully submitted,

October 9th, 2007, Tuesday

By:_____

      **DANIEL LOUIS SIMON,**
      **Defendant, pro se**
      **5650 County Road 200**
         **Liberty Hill, Texas 78642**
      Defendant, *pro se*

      **Telephone:**   **(512) 228-9416**
      **e-mail:** danlsimon@hotmail.com
          danlsimon@yahoo.com

By:

October 9, 2007, Tuesday,

**Charles Edward Lincoln, III**
**325 Moorings Cove Drive**
**Tarpon Springs, Florida 34689**
**Telephones: (512) 971-1191/512-228-9416**
**Florida:**   **(727) 560-2810**
**Facsimile: (406) 892-7603**

*charles.e.lincoln@att.net*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above-and-foregoing notice of

removal was served on the attorney of record for the (Original Complainant) City of

Georgetown, Texas (who purports to prosecute in the name of the state of Texas):

> Lucas C. Wilson (Telephone) 512-864-3111
> 704 MLK Blvd.
> Georgetown, Texas 78626

and

> Barbara L. Quirk (Telephone) 512-472-4845
> Carls, McDonald, & Dalrymple, L.L.P
> 106 East 6th Street, Suite 550

Via private carrier delivery and by facsimile to: 512-868-2449 and 512-472-8403 on

this 9th day of October, 2007.

RESPECTFULLY SUBMITTED,

CHARLES EDWARD LINCOLN, III, pro se
325 Moorings Cove Drive
Tarpon Springs, Florida 34689
Telephones: (512) 971-1191/512-228-9416
Florida:    (727) 560-2810
Facsimile: (406) 892-7603
charles.e.lincoln@att.net

October 9th, 2007
Tuesday

And By:

DANIEL LOUIS SIMON,
pro se
5650 County Road 200
Liberty Hill, Texas 78642
pro se

Telephone:   (512) 228-9416
e-mail: danlsimon@hotmail.com
danlsimon@yahoo.com

*Complaint to Declare and Enjoin False Arrests in Suppression of Free Speech,*    19
*Freedom to Associate, and Freedom to Petition*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above-and-foregoing notice of

removal was served on the attorney of record for the (Original Complainant) City of

Georgetown, Texas (who purports to prosecute in the name of the state of Texas):

Lucas C. Wilson (Telephone) 512-864-3111
704 MLK Blvd.
Georgetown, Texas 78626

and

Barbara L. Quirk (Telephone) 512-472-4845
Carls, McDonald, & Dalrymple, L.L.P
106 East 6th Street, Suite 550

Via private carrier delivery and by facsimile to: 512-868-2449 and 512-472-8403 on

this 9th day of October, 2007.

Respectfully Submitted,

By:

CHARLES EDWARD LINCOLN, III
325 Moorings Cove Drive
Tarpon Springs, Florida 34689
Telephones: (512) 971-1191/512-228-9416
    Florida:   (727) 560-2810
    Facsimile: (406) 892-7603
    *charles.e.lincoln@att.net*

October 9th, 2007
Tuesday

And By:_____

    DANIEL LOUIS SIMON,
    Defendant, pro se
    5650 County Road 200
        Liberty Hill, Texas 78642
    Defendant, *pro se*

    Telephone:   (512) 228-9416
    e-mail: danlsimon@hotmail.com
        danlsimon@yahoo.com

Charles Edward Lincoln
c/o Peyton Yates Freiman
300 East Riverside Drive, #132
Austin, Texas 78704

**RECEIVED**

OCT 2 2 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

Tanya Katzenmeyer
U.S. District Clerk's Office
200 West 8th St., Room 130
Austin, Texas 78701

**FILED**

OCT 2 2 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

1:07-CV-842-LY

Dear Tanya:

Keep the extra file-marked copies for Peyton Freiman to collect on Tuesday or so. Also---have you yet had an opportunity to talk to DANIEL LOUIS SIMON at 512-228-9416 about his role in A-07-CA-842-LY? I never intended to file without him and his signature appears on papers (copies of the complaint ULTIMATELY assigned number A-07-CA-842-LY) which are filed as EXHIBITS to my Response to Motion for Remand in A-07-CA-699-LY. Please get this question straightened up for me!

Also, please note change of address—ALWAYS use Peyton's address in Austin for quickest response time.

Thank you very much!

Yours very truly,

Charles Edward Lincoln, III
c/o Peyton Yates Freiman
300 East Riverside Drive,
#132
Austin, Texas 78704

Alternative (Temporary):
125A-1030 Denman Street
#138 742
Vancouver, British Columbia
V6G 2M6